IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No: 5:15-CV-298-F

| | |
|---|---|
| DAVID ROBINSON,<br><br>                Plaintiff,<br>v.<br><br>HARRISON TRANSPORTATION SERVICES,<br>INC. AND HARRISON GLOBAL LLC, and<br>STEPHEN BRADLEY JACKSON,<br><br>                Defendants. | **PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon motion by the parties, with the consent of the parties, and it appearing that the discovery process in this action may involve the production of information that a party may contend is confidential and/or proprietary and that good cause exists for the entry of an Order limiting the disclosure of such information;

IT IS THEREFORE ORDERED that:

1. "Confidential Information" as used herein means all medical, psychological, physical health, mental health, and personnel related records, all tax returns and financial information, and all proprietary, business or other commercially sensitive information, whether documentary or otherwise, designated as "confidential" and delivered, produced or disclosed by any party in this action in response to an interrogatory, a request for production of documents, a deposition question or otherwise. The designation of documents or information as "Confidential Information" shall not be conclusive for purposes of the substantive issues in this case.

2. All documents produced or information provided or disclosed by any party in discovery in this action as identified in paragraph 1 shall be treated as confidential and the use or disclosure of such documents or information shall be governed by the terms of this Protective Order, provided that the party producing or otherwise disclosing such documents or information designates such documents or information as "confidential" at the time of production or disclosure or as otherwise provided herein.

3. Confidential Information, including copies or summaries thereof, shall be used only for the prosecution or defense of this action (including, but not limited to, any mediation, arbitration, or other settlement process, as well as appeals of this action) and shall not be used or employed for any other purpose whatsoever. Confidential Information shall not be disclosed or made available to anyone except:

    a. the Court;

    b. the parties to this action and officers, directors or employees of the parties who are actively participating in the prosecution or defense of this action;

    c. counsel for the parties to this action and employees of said counsel;

    d. experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action;

    e. third-party witnesses or potential witnesses whom counsel reasonably deem necessary for the preparation and trial of this action; and

    f. court reporters engaged to record depositions, hearings or trials in this action.

4. Disclosure of Confidential Information pursuant to this Order shall be handled as follows:

    a. Any person described in subparagraphs 3(a), (b), (c) and (f) of this Order is bound by the provisions of this Order without the necessity of executing a confidentiality agreement;

    b. Before Confidential Information is disclosed to any person set forth in subparagraphs 3(d) and (e) of this Order, the party disclosing the information shall inform the person to whom the disclosure is to be made that Confidential Information shall be used for the purposes of the prosecution or defense of this action only, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached hereto as Exhibit A; and

    c. As long as Confidential Information is handled in accordance with this Order, this Order shall not be construed as prohibiting or restricting the use of Confidential Information during depositions, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections as to the admissibility of any Confidential Information into evidence in connection with any proceeding in this action.

5. Documents, things and/or information, including portions of any transcript, shall not be filed under seal without a specific court order to do so, pursuant to Local Civil Rule 79.2. In accordance with *Stone v. University of Maryland Medical System Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988), each time a party moves for permission to make a sealed filing or to seal a filing

3

PPAB 2931221v1

Case 5:15-cv-00298-F   Document 22   Filed 02/29/16   Page 3 of 6

that was filed as a provisionally sealed document pursuant to Section T.6 of the Electronic Case Filing Administrative Policies and Procedure Manual, it shall accompany the motion to seal with a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) how such request to seal overcomes the common law or the First Amendment presumption to access, if applicable; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. In addition to the motion and supporting memorandum, the moving party must set out such findings in a proposed order to seal. Any party seeking such an order shall comply with Section T of the Electronic Case Filing Administrative Policies and Procedure Manual.

6. If a party or witness desires to designate any portion of a deposition as Confidential Information, the designating party or witness shall have thirty (30) days after receipt of the transcript to designate portions of the transcript as Confidential Information and inform counsel of record in writing of such designation.

7. Nothing in this Order shall prevent the disclosure of Confidential Information beyond the terms of this Order if the party that produced the information consents in advance in writing.

8. This order shall not limit or in any way restrict the right of any person or entity to use, disseminate, dispose of, or otherwise benefit from documents or information obtained (i) other than through discovery in this action, or (ii) from any person or entity with authority to provide such documents or information independent of any confidentiality requirement imposed by this Order.

4

PPAB 2931221v1

9. If any party hereto disagrees with the designation of any discovery materials as confidential, counsel shall attempt to resolve the disagreement on an informal basis. If it is necessary to present the dispute to the Court for resolution, the material in question shall continue to be treated as confidential under the terms of this Order unless and until the Court issues a final ruling that the material is not of a confidential nature.

10. This Order is without prejudice to the right of any party or witness to seek modification or amendment of the Order by motion to the Court, or to seek and obtain additional protection with respect to Confidential Information as such party may consider appropriate.

11. This Order shall remain in effect for the period of this litigation and subsequent to its termination so as to protect the confidentiality of the Confidential Information.

12. Ultimate disposition of materials and information protected by this Order is subject to a final order of the Court upon completion of litigation. In the absence of a final order of the Court addressing the disposition of Confidential Information, however, the parties agree to assemble and return to counsel of record for the producing party all materials and documents designated as confidential under this Order, and all copies and excerpts of such materials and documents, not later than forty-five (45) days after the termination of this litigation.

It is so ORDERED this 29 day of February, 2016.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I have read and am familiar with the terms of the Protective Order governing the disclosure of confidential information in the case of *David Robinson v. Harrison Transportation Services, Inc., Harrison Global, LLC and Stephen Bradley Jackson*, Civil Action No: 5:15-CV-298-F, and I agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any information or material obtained pursuant to that Order other than for purposes of this litigation.

I also agree to return to counsel of record not later than thirty (30) days after the termination of this litigation any and all documents in my possession containing information which is the subject of said Order (whether such information is in the form of notes, memoranda, reports or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order).

I also agree to be subject the jurisdiction of the United States District Court for the Eastern District of North Carolina for purposes of enforcing this Confidentiality Agreement and associated Protective Order.

Signature: _____

Printed Name: _____

Date: _____

6

PPAB 2931221v1

Case 5:15-cv-00298-F   Document 22   Filed 02/29/16   Page 6 of 6